IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JOHN G. WESTINE,**

      Petitioner,

  vs.

CIVIL ACTION
No. 09-3149-RDR

**CLAUDE CHESTER,**

      Respondent.

**ORDER**

This matter comes before the court on petitioner's motion to alter or amend the judgment (Doc. 16). Petitioner opposes the court's order dismissing his petition for habeas corpus filed pursuant to 28 U.S.C. § 2241.

By its order of July 2, 2010, the court rejected petitioner's request to proceed in this district to challenge his convictions under the "Savings Clause" of 28 U.S.C. § 2255(e), which allows a federal prisoner to challenge the legality of his detention under § 2241 where the remedy under § 2255 is inadequate or ineffective.

In his motion to alter or amend the judgment, petitioner again argues that under the holding in *United States v. Santos*, 553 U.S. 507 (2008), his conduct did not fall within the federal

money laundering statute under which he was convicted.

The bases for granting a motion filed pursuant to Rule 59(e) are: (1) an intervening change in controlling law; (2) new evidence that previously was unavailable; and (3) the need to correct clear error or avoid manifest injustice. *See Servants of the Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000)(citations omitted). However, the motion may not be used "to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

In its order of dismissal, this court rejected petitioner's claim under *Santos*, finding that the *Santos* plurality decision has not been extended to all convictions under the federal money laundering statute. Because petitioner's criminal conduct[1] is not akin to the illegal gambling operation analyzed in *Santos*, the court found petitioner provided no basis for relief.

Here, petitioner presents no ground for relief under Rule 59(e), as he has not shown a change in the controlling law, new evidence, nor any clear error.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner's motion

---

[1] Petitioner was convicted of defrauding investors who purchased interests in non-existent oil-well projects and a non-existent tanker of crude oil. *U.S. v. Westine*, 21 F.3d 429 (Table), *1 (6th Cir. 1994).

2

to alter or amend judgment (Doc. 16) is denied.

Copies of this order shall be transmitted to the parties.

**IT IS SO ORDERED.**

Dated at Topeka, Kansas, this 4th day of October, 2010.


S/ Richard D. Rogers
RICHARD D. ROGERS
United States Senior District Judge